**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
  mmatern@maternlawgroup.com
Scott A. Brooks (SBN 160115)
  sbrooks@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ARTHUR
THOMPSON individually, and on
behalf of others similarly situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR THOMPSON, an individual, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>NSC TECHNOLOGIES, LLC, a Virginia limited liability corporation; BAE SYSTEMS, INC., a Delaware corporation; and, DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 3:20-cv-00371-JLS(MSB)<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT:**<br><br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Required Rest Periods<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Minimum Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Maintain Required Records<br>7. Failure to Furnish Accurate Itemized Wage Statements<br>8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>9. Unfair and Unlawful Business Practices |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

1

SECOND AMENDED COMPLAINT

10. Failure to Pay Straight and Overtime Compensation in Violation of 29 U.S.C. § 201 et seq

**REPRESENTATIVE ACTION:**

11. Penalties under the Labor Code Private Attorneys General Act, as Representative Action

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

2

SECOND AMENDED COMPLAINT

1   PLAINTIFF ARTHUR THOMPSON ("PLAINTIFF") an individual,

2   demanding a jury trial, on behalf of himself and other persons similarly situated,

3   hereby alleges as follows:

4   **JURISDICTION AND VENUE**

5   1.   This Court has subject-matter jurisdiction over PLAINTIFF's FLSA

6   claim pursuant to 29 U.S.C. §216(b), which provides that suits under the FLSA

7   "may be maintained against any employer … in any Federal or State court of

8   competent jurisdiction."

9   2.   This Court has supplemental jurisdiction over PLAINTIFF's state law

10   claims pursuant to 28 U.S.C. § 1367(a) because the claims arise from a common set

11   of operative facts and are so related to the claim within this Court's original

12   jurisdiction that they form a part of the same case or controversy.

13   3.   This Court has personal jurisdiction over Defendants NSC

14   TECHNOLOGIES, LLC, a Virginia limited liability corporation ("NSC

15   TECHNOLOGIES"); BAE SYSTEMS, INC., a Delaware corporation ("BAE

16   SYSTEMS"); and DOES 1 through 50 inclusive (collectively "DEFENDANTS"),

17   because DEFENDANTS are qualified to do business in California and regularly

18   conduct business in California and at all relevant times had systematic and continuous

19   ties with this state, and had agents and representatives in this state. Thus,

20   DEFENDANTS have sufficient minimum contacts with or otherwise purposefully

21   avail themselves of the markets in the State of California, or otherwise have sufficient

22   contacts with this District to justify being fairly brought into court in this District.

23   4.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(d)

24   because at least some of the putative class members worked and were paid in this

25   District and the obligations, liabilities, and breaches complained of herein arose or

26   occurred in this District. DEFENDANTS own, operate, and/or maintain offices,

27   transact business, and employ employees within the District, or otherwise are found

28   within the District. DEFENDANTS are within the jurisdiction of this Court for

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

3                                    SECOND AMENDED COMPLAINT

purpose of service of process.

## PLAINTIFF

5.     PLAINTIFF is a male resident of the State of California and a former employee of DEFENDANTS.

6.     PLAINTIFF, on behalf of himself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

7.     PLAINTIFF brings this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD").  PLAINTIFF reserves the right to name additional class representatives.

## DEFENDANTS

8.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT NSC TECHNOLOGIES is, and at all times relevant hereto was, a Virginia limited liability corporation organized and existing under the laws of the State of California.  PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT NSC TECHNOLOGIES is authorized to conduct

business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT NSC TECHNOLOGIES maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of San Diego, State of California.

9.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT BAE SYSTEMS is, and at all times relevant hereto was, a Delaware corporation organized and existing under the laws of the State of California. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT BAE SYSTEMS is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT BAE SYSTEMS maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of San Diego, State of California.

10.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names.  PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

11.    At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

SECOND AMENDED COMPLAINT

Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

12.    At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

13.    PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

14.    Pursuant to California Labor Code § 558.1, DEFENDANTS and any person acting on behalf of any of the DEFENDANTS, are liable for violating, or causing to violate, any provision regulating minimum wages or hours and days of work in any order of the IWC, or Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802.

15.    As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

6    SECOND AMENDED COMPLAINT

at trial, and within the jurisdiction of this Court.

## CLASS AND COLLECTIVE ACTION DESIGNATION

16.  This action is appropriately suited for a Class Action because:

a.  The potential class is a significant number.  Joinder of all current and former employees individually would be impractical.

b.  This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.  The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

17.  PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

18.  This action is also appropriately suited for a Collective Class Action and PLAINTIFF brings the Tenth Cause of Action for Failure to Pay Straight and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* as a Collective Class Action, pursuant to 29 U.S.C. § 216, on behalf of a collective class, defined as all individuals who are or previously were employed by DEFENDANTS in California and classified as non-exempt employees (the "COLLECTIVE CLASS") at any time during the period beginning three (3) years prior to the filing of the initial Complaint and ending on the date as determined by the Court (the "COLLECTIVE CLASS PERIOD").

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

7

SECOND AMENDED COMPLAINT

19.    To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against DEFENDANTS, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.

20.    Pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.,* the PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to compensation at the regular rate of pay for all regular hours worked, and for overtime compensation for all overtime hours worked at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

21.    DEFENDANTS, as a matter of company policy, practice and procedure, and in violation of the FLSA requirements, failed to pay for all hours worked and to correctly calculate and pay overtime wages as required by federal law willfully and not in good faith. DEFENDANTS systematically failed to correctly pay, calculate and record regular and overtime compensation for work by PLAINTIFF and the other members of the COLLECTIVE CLASS, even though DEFENDANTS enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit the work.

22.    DEFENDANTS have the legal burden to establish that each and every COLLECTIVE CLASS Member is paid the applicable rate for all regular and overtime work including to accurately calculate the "regular rate of pay" by including all compensation including per diem compensation that PLAINTIFF and members of the COLLECTIVE CLASS were provided by DEFENDANTS. DEFENDANTS, however, as a matter of uniform and systematic policy and procedure failed to have in place during the COLLECTIVE CLASS PERIOD and still fail to have in place a policy or practice to ensure that each and every COLLECTIVE CLASS Member is paid the applicable regular and overtime rate for all hours worked, and to accurately calculate the "regular rate of pay" by including all compensation including per diem compensation that PLAINTIFF and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

8

SECOND AMENDED COMPLAINT

members of the COLLECTIVE CLASS were provided by DEFENDANTS, so as to satisfy their burden. This common business policy, practice and procedure applicable to each and every COLLECTIVE CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under the FLSA as causation, damages, and reliance are not elements of this claim.

23.    At no time during the COLLECTIVE CLASS PERIOD was the compensation for any member of the COLLECTIVE CLASS properly paid nor was the compensation recalculated so as to compensate the employee for all minimum and overtime hours worked at the applicable rate, as required by the FLSA. At no time during the COLLECTIVE CLASS PERIOD was the regular and overtime compensation for any member of the COLLECTIVE CLASS properly paid and/or recalculated so as to include all wages as required by the FLSA.

24.    The COLLECTIVE CLASS, is so numerous that joinder of all COLLECTIVE CLASS Members is impracticable.

25.    DEFENDANTS uniformly violated the rights of the COLLECTIVE CLASS under FLSA law by violating the FLSA by unlawfully and willfully having in place company policies, practices and procedures that failed to pay all wages due the COLLECTIVE CLASS for all regular and overtime worked, and failed to accurately record the applicable rates of all overtime worked by the COLLECTIVE CLASS;

26.    This Collective Class Action meets the statutory prerequisites for the maintenance of a Collective Class Action as set forth in the FLSA section 216(b), in that:

        (a)    The persons who comprise the COLLECTIVE CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

9

SECOND AMENDED COMPLAINT

(b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the COLLECTIVE CLASS will apply uniformly to every member of the COLLECTIVE CLASS;

(c)   The representative PLAINTIFF is similarly situated to each member of the COLLECTIVE CLASS. PLAINTIFF, like all the other members of the COLLECTIVE CLASS, was subjected to the uniform employment practices of DEFENDANTS and were non-exempt employees paid on an hourly basis and paid additional compensation who were subjected to the DEFENDANTS' practice and policy which failed to pay regular wages including for "off-the-clock" work and failed to pay the correct rate of overtime wages due to the COLLECTIVE CLASS for all overtime worked by the COLLECTIVE CLASS and thereby systematically underpaid regular and overtime compensation to the COLLECTIVE CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANTS' employment practices. PLAINTIFF and the members of the COLLECTIVE CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANTS; and,

(d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the COLLECTIVE CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the COLLECTIVE CLASS that would

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

10

SECOND AMENDED COMPLAINT

make collective certification inappropriate. Counsel for the COLLECTIVE CLASS will vigorously assert the claims of all COLLECTIVE CLASS Members.

27.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to 29 U.S. Code § 216(b), in that:

(a)    Without collective certification, prosecution of separate actions by individual members of the COLLECTIVE CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the COLLECTIVE CLASS which would establish incompatible standards of conduct for the parties opposing the COLLECTIVE CLASS; and/or,

2)    Adjudication with respect to individual members of the COLLECTIVE CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests .

(b)    The parties opposing the COLLECTIVE CLASS have acted or refused to act on grounds generally applicable to the COLLECTIVE CLASS, making appropriate collective relief with respect to the COLLECTIVE CLASS as a whole in that DEFENDANTS uniformly failed to pay all wages due including the correct overtime rate, for all hours worked by the members of the COLLECTIVE CLASS as required by law;

(c)    The members of the COLLECTIVE CLASS are similarly situated, with respect to the practices and violations of

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

11

SECOND AMENDED COMPLAINT

California law as listed above:

1) The interests of the members of the COLLECTIVE CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual COLLECTIVE CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Collective certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A. Inconsistent or varying adjudications with respect to individual members of the COLLECTIVE CLASS, which would establish incompatible standards of conduct for the DEFENDANTS; and/or,

   B. Adjudications with respect to individual members of the COLLECTIVE CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation, because a substantial number of individual COLLECTIVE CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANTS, which may adversely affect an individual's job with DEFENDANTS or with a subsequent employer, the Class Action is the only means

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

12    SECOND AMENDED COMPLAINT

to assert their claims through a representative; and,

28.     DEFENDANTS maintain records from which the Court can ascertain and identify each of DEFENDANTS' employees who has been systematically, intentionally and uniformly subjected to DEFENDANTS' company policy, practices and procedures as herein alleged.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order Nos. 1-2001 and 9-2001, § 11]

### (Against all DEFENDANTS)

29.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

30.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, failed to provide meal periods at the times required by law, failed to accurately record meal periods, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11.

31.     DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order Nos. 1-2001 and 9-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal periods, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

32.     DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order Nos. 1-2001 and 9-2001 by failing to

compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

33.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order Nos. 1-2001 and 9-2001, § 12]

### (Against all DEFENDANTS)

34.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

35.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order Nos. 1-2001 and 9-2001, § 12.

36.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 1-2001 and 9-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

37.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

14

SECOND AMENDED COMPLAINT

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order Nos. 1-2001 and 9-2001, § 3]**

**(Against all DEFENDANTS)**

38.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

39.   Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order Nos. 1-2001 and 9-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

40.   PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order Nos. 1-2001 and 9-2001.  During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order Nos. 1-2001 and 9-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

15

SECOND AMENDED COMPLAINT

MEMBERS worked; failing to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked and to pay the amount of overtime wages due as required by the California Labor Code and IWC Wage Order by failing and refusing to include all compensation including per diems and bonuses earned, due and owing and/or paid, in the regular rate of pay from which overtime wages were calculated and paid; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

41.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

42.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001 and 9-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

16    SECOND AMENDED COMPLAINT

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal Labor Code §§ 1194, 1197; IWC Wage Order Nos. 1-2001 and 9-2001, § 4]

### (Against all DEFENDANTS)

43.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

44.   Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order Nos. 1-2001 and 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

45.   During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

46.   DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order Nos. 1-2001 and 9-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

17

SECOND AMENDED COMPLAINT

# FIFTH CAUSE OF ACTION

## Failure to Pay All Wages Due to Discharged and Quitting Employees

## [Cal. Labor Code §§ 201, 202, 203]

## (Against all DEFENDANTS)

47.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

48.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

49.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

50.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

51.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

52.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

18

SECOND AMENDED COMPLAINT

53.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## SIXTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order Nos. 1-2001 and 9-2001, § 7]

### (Against all DEFENDANTS)

54.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

55.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order Nos. 1-2001 and 9-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

56.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

19

SECOND AMENDED COMPLAINT

## SEVENTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order Nos. 1-2001 and 9-2001, § 7]

### (Against all DEFENDANTS)

57.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

58.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order Nos. 1-2001 and 9-2001, § 7.

59.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

60.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

20

SECOND AMENDED COMPLAINT

## **EIGHTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures Incurred in**

**Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

61.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

62.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

63.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, tools, protective equipment, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

64.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

21

SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **NINTH CAUSE OF ACTION**

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(Against all DEFENDANTS)**

65.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

66.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order and California law, as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurred in discharging their duties, constitutes unfair and unlawful business acts and practices under California Business and Professions Code § 17200 et seq.

67.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

68.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

22                                    SECOND AMENDED COMPLAINT

applicable regulations.

69.    As a result of DEFENDANTS' unfair and unlawful business act and practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

70.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

### Failure to Pay Wages

### [Violation of FLSA, 29 U.S.C. § 201, et seq.]

### (Against All DEFENDANTS)

71.    PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs.

72.    At all times relevant to this action, DEFENDANTS were employers under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

73.    At all relevant times to this action, DEFENDANTS engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

23

SECOND AMENDED COMPLAINT

74.     At all times relevant to this action, Plaintiff and the members of the COLLECTIVE CLASS were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

75.     Plaintiff and the members of the COLLECTIVE CLASS were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

76.     At all times relevant to this action, DEFENDANTS "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

77.     The FLSA requires each covered employer such as DEFENDANTS to compensate all nonexempt employees at a rate of not less than one-and-a-half times their "regular rate" of pay for work performed in excess of 40 hours in a workweek.

78.     DEFENDANTS failed to pay Plaintiff and the COLLECTIVE CLASS all wages due by, inter alia, failing to incorporate all remuneration into the calculation of their hours worked for purposes of overtime compensation including per diems, bonuses and other items of compensation.

79.     Plaintiff and the COLLECTIVE CLASS were entitled to be paid wages at their regular rate of pay for all regular hours worked.

80.     Plaintiff and the COLLECTIVE CLASS were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their "regular rate" of pay.

81.     At all relevant times, DEFENDANTS regularly required Plaintiff and the COLLECTIVE CLASS to work in excess of 40 hours per workweek. Despite the hours worked by them, DEFENDANTS willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Plaintiff and the COLLECTIVE CLASS the appropriate overtime wages for all compensable time worked in excess of 40 hours per workweek. By failing to compensate Plaintiff and the

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

24                    SECOND AMENDED COMPLAINT

COLLECTIVE CLASS at a rate of not less than one-and-a-half times the "regular rate" of pay for work performed in excess of 40 hours in a workweek, DEFENDANTS violated the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1).

82.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

83.    In workweeks where Plaintiff and other COLLECTIVE CLASS members worked in excess of 40 hours, they should have been paid at the federally mandated rate of 1.5 times each employee's regularly hourly wage. 29 U.S.C. § 207.

84.    Defendant's violations of the FLSA were knowing and willful.

85.     Defendant knew or could have determined the appropriate regular hourly rate and could have easily accounted for and properly compensated Plaintiff and the COLLECTIVE CLASS for the overtime hours that they worked, but did not.

86.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, each employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## ELEVENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

87.    PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraphs 16 through 28 and the subparagraphs thereto.

88.    PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

25                                    SECOND AMENDED COMPLAINT

on behalf of himself and other current and former employees of DEFENDANTS

pursuant to the procedures specified in California Labor Code § 2699.3, because

PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the

alleged violations of the California Labor Code were committed against

PLAINTIFF and CLASS MEMBERS.

89.    Pursuant to the California Private Attorneys General Act of 2004

("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBERS

seeks to recover civil penalties, including but not limited to penalties under

California Labor Code §§ 2699, 210,  226.3, 558, 1174.5, 1197.1, and IWC Wage

Order Nos. 1-2001 and 9-2001, § 20, from DEFENDANTS in a representative

action for the violations set forth above, including but not limited to violations of

California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194,

1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an

award of reasonable attorneys' fees and costs pursuant to California Labor Code

§ 2699(g)(1).

90.    Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave

written notice on November 1, 2019 by online filing to the California Labor and

Workforce Development Agency ("LWDA") and by certified mail to

DEFENDANTS of the specific provisions of the California Labor Code and IWC

Wage Orders alleged to have been violated, including the facts and theories to

support the alleged violations.  More than sixty-five (65) days have passed and the

LWDA has not provided notice to PLAINTIFF that it intends to investigate the

alleged violations in case no. LWDA-CM-755045-19.

91.    Therefore, PLAINTIFF has complied with all of the requirements set

forth in California Labor Code § 2699.3 to commence a representative action under

PAGA.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

26

SECOND AMENDED COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, and as representative of other aggrieved employees, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order Nos. 1-2001 and 9-2001;

4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.    For unpaid minimum wages, unpaid overtime compensation, and/or liquidated damages, under the FLSA;

6.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wager Orders, and from engaging in the unlawful business practices complained of herein;

7.    For waiting time penalties pursuant to California Labor Code § 203;

8.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

9.    For injunctive relief, attorneys' fees, costs and $750.00 penalties pursuant to Labor Code §§ 226(f) and (h) and §1198.5(k) and (l).

10.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

SECOND AMENDED COMPLAINT

11.    For reasonable attorneys' fees and costs pursuant to the FLSA, California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

12.    For declaratory relief;

13.    For an order certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action as a class action;

14.    For an order certifying the Eleventh Cause of Action as a FLSA collective action in accordance with 29 U.S.C. § 216(b);

15.    For an order appointing PLAINTIFF as class representative and PLAINTIFF's counsel as class counsel;

16.    For an order appointing PLAINTIFF as class representative of the proposed FLSA collective class; and,

17.    For such further relief that the Court may deem just and proper.

DATED: October 19, 2021

Respectfully submitted,

**MATERN LAW GROUP**

By:

_____

Matthew J. Matern
Scott A. Brooks
Attorneys for Plaintiff
ARTHUR THOMPSON, individually,
and on behalf of other persons
similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

28

SECOND AMENDED COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2          PLAINTIFF hereby demands a jury trial with respect to all issues triable of

3   right by jury.

4

5    DATED: October 19, 2021          **MATERN LAW GROUP**

6

7                                        By:

8                                        _____

9

10                                       Matthew J. Matern
                                         Scott A. Brooks
11                                       Attorneys for Plaintiff
                                         ARTHUR THOMPSON, individually,
12                                       and on behalf of other persons
                                         similarly situated
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

29

SECOND AMENDED COMPLAINT